# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MALIBU MEDIA, LLC,** : | CIVIL ACTION NO. 1:18-CV-372 |
| Plaintiff : | (Chief Judge Conner) |
| v. : | |
| **JOHN DOE subscriber assigned IP Address 98.235.120.29,** : | |
| Defendant : | |

## ORDER

AND NOW, this 22nd day of February, 2018, upon consideration of the motion (Doc. 5) for leave to serve third-party subpoena prior to Rule 26(f) conference filed by plaintiff Malibu Media, LLC ("Malibu"), wherein Malibu sets forth that it commenced this litigation asserting claims of copyright infringement against a John Doe defendant, known only by an Internet Protocol ("IP") Address at this time, and that the John Doe defendant's true identity is known only to his or her Internet Service Provider ("ISP"), and wherein Malibu seeks leave of court to serve limited, immediate discovery upon John Doe's ISP to ascertain his or her true identity, (see id.), and the court noting that, pursuant to Federal Rule of Civil Procedure 26(d)(1), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," FED. R. CIV. P. 26(d)(1), but that early discovery may be authorized by court order, see id., and that courts within this judicial district employ a "good cause" standard in determining whether to authorize expedited discovery for purposes of identifying a defendant in internet copyright infringement cases, see, e.g., Malibu Media, LLC v. Doe, No. 3:15-CV-

1703, 2015 WL 5829792, at *1 (M.D. Pa. Sept. 30, 2015) (Mannion, J.) (collecting cases); Malibu Media, LLC v. Doe, No. 1:15-CV-1132, 2015 WL 3795957, at *1 (M.D. Pa. June 18, 2015) (Rambo, J.) (same), and the court concluding that Malibu has adequately demonstrated good cause for serving a third party subpoena prior to the Rule 26(f) conference *sub judice*, but concluding further that, given the *ex parte* nature of Malibu's application, the interests of justice dictate that the court impose certain conditions on the relief requested by Malibu, with the aim of avoiding any unintended consequences of disclosure of John Doe's information and curtailing unfettered early discovery in internet copyright infringement actions, see Malibu Media, 2015 WL 5829792, at *2; Malibu Media, 2015 WL 3795957, at *3, it is hereby ORDERED that:

1. Malibu may serve a Rule 45 subpoena upon the ISP identified in its motion (Doc. 5) for the purpose of obtaining information necessary to identify the individual associated with the IP Address 98.235.120.29 ("John Doe"), specifically his or her name and address. The subpoena shall have a copy of this order attached.

2. The ISP shall have thirty (30) days from the date of service of the Rule 45 subpoena to serve John Doe with a copy of the subpoena and a copy of this order. The ISP may serve John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

3. John Doe shall have thirty (30) days from the date of service of the Rule 45 subpoena to file any motions with this court contesting the subpoena (including a motion to quash or to modify the subpoena). The ISP may not turn over John Doe's identifying or contact information to Malibu before the expiration of this thirty (30) day period. Additionally, if John Doe files a motion to quash or to modify the subpoena, the ISP shall not produce any information to Malibu until this court issues an order instructing the ISP to produce the requested discovery. If John Doe moves to quash or to modify the subpoena, John Doe shall contemporaneously notify the ISP so that

the ISP is on notice not to release John Doe's identity or contact information to Malibu until the court rules on any such motion.

4.  If the thirty (30) day period lapses without John Doe or the ISP contesting the subpoena, the ISP shall have ten (10) days to produce the information responsive to the subpoena to Malibu.

5.  The ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

6.  Any information ultimately disclosed to Malibu in response to a Rule 45 subpoena may be used by Malibu solely for the purpose of litigating the instant case.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania